```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X

JOSE CORTEZ SUAREZ,

                         Plaintiff,    COMPLAINT

         -against-
                                       14 Civ. 8627 (PAE)
THE CITY OF NEW YORK; T.T.A. JHMAL COLE;
SGT. JOHN DOE # 1; and P.O. JOHN DOES #   Jury Trial Demanded
1-2; the individual defendant(s) sued
individually and in their official
capacities,

                         Defendants.

------------------------------------ X
```

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of New York. Plaintiff's claims arise from an incident that arose on or about July 29, 2013. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to: false arrest; unreasonable force; assault; battery; failure to intervene; malicious prosecution; denial of a fair trial; implementation and continuation of an unlawful municipal policy, practice, and custom; and respondeat superior liability. Plaintiff seeks

compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  A notice of claim was duly filed on the City of New York within 90 days of the claim at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claim.  Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of that claim. Plaintiff has satisfied all conditions precedent for the filing of this action.

4.   Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York

County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Jose Cortez Suarez is a resident of the State of New York, New York County.

6. At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. At all times alleged herein, defendants Traffic Ticket Agent Jhmal Cole, Sergeant John Doe # 1, and Police Officers John Does # 1-2 were New York City Police Officers employed with the 33rd Precinct, located in New York County, New York, or an other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### Incident

9. On July 29, 2013, defendants T.T.A. Cole, Sgt. John Doe # 1, and P.O. John Does # 1-2, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

3

10. On July 29, 2013, at approximately 12:30 p.m., at and in the vicinity of the 605 156th Street, New York, New York, defendants T.T.A. Cole, Sgt. John Doe # 1, and P.O. John Does # 1-2, without either consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime unlawfully arrested plaintiff.

11. Plaintiff was standing and taking outside of the building where he lives with one the building's superintendents when T.T.A. Cole approached the superintendent's car and told him to move it.

12. The superintendent told T.T.A. Cole to give him a minute because he was waiting for his family.

13. T.T.A. Cole told the superintendent that in that case he was going issue him with a ticket.

14. The superintendent said to T.T.A. Cole that he would move his car, and he tried to open the car's door, but T.T.A. Cole pushed him back.

15. Plaintiff, who neither obstructed any government function nor harassed anyone, commented, in words and effect, that T.T.A. Cole should not push anyone and was abusing his authority.

16. T.T.A. Cole pushed the superintendent again.

17. Plaintiff told the superintendent that he was going to leave, and T.T.A. Cole suddenly came at plaintiff.

18. T.T.A. Cole pushed plaintiff, causing him to fall back and injured his right elbow.

19. T.T.A. Cole then left the scene.

20. Another person who worked at the building called the police.

21. Shortly thereafter, T.T.A. Cole returned with P.O. John Does # 1-2 and they approached plaintiff.

22. P.O. John Does # 1-2 called Sgt. John Doe # 1 to the scene.

23. At the scene, a number of witnesses provided statements to the police about T.T.A. Cole's abuse and unjustified use of force.

24. Sgt. John Doe # 1 told plaintiff and the superintendent to get into a police car so they could fill out a report at the precinct.

25. Plaintiff and the superintendent got in the police car and were taken to the 33rd Precinct.

26. The police made plaintiff and the superintendent wait in an office for many hours, then without cause or justification handcuffed them, placed them in a cell, and processed their arrest.

27. The police transported plaintiff to New York Central Booking for arraignment.

28. In order to cover up their illegal actions, the police and T.T.A. Cole, pursuant to a conspiracy, initiated, and falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed various crimes, by swearing out a false complaint, filing false police reports, and/or falsely testifying.

29. The police made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and/or to justify overtime expenditures.

30. Based upon the defendants' false information, the New York County District Attorney's Office chose to prosecute plaintiff for, among other things, obstruction of governmental administration and harassment.

31. At arraignment, plaintiff was released on his own recognizance.

32. After having to appear in criminal court several times, the charges against plaintiff were dismissed in their entirety, terminating in plaintiff's favor.

**General Allegations**

33. The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

34. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-stated incidents.

35. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner.

36. The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

37. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological

pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

38. Plaintiff is entitled to receive punitive damages from the individual defendants because their actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

40. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion.

41. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### SECOND CLAIM

### (FALSE ARREST UNDER STATE LAW)

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendants falsely arrested plaintiff without consent, an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

44.     Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

### THIRD CLAIM

### (UNREASONABLE FORCE)

45.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46.     The individual defendants' use of force upon plaintiff, as described herein, was objectively unreasonable.

47.     Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### FOURTH CLAIM

### (ASSAULT)

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49.     Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts.

50.     Accordingly, defendants are liable to plaintiff under New York State law for assault.

## FIFTH CLAIM

### (BATTERY)

51. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52. Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

53. Accordingly, defendants are liable to plaintiff under New York State law for battery.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

54. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

56. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SEVENTH CLAIM

### (DENIAL OF A FAIR TRIAL)

57. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58. The individual defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, including omitting and/or manipulating evidence, and suppressing exculpatory evidence and forwarded that false evidence to prosecutors and the court.

59. Furthermore, the individual defendants violated the law by either testifying falsely and/or drafting and signing false criminal court complaints and/or false police reports and forwarding them to prosecutors and the court.

60. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it is well established that individuals who knowingly use false evidence to obtain a conviction act unconstitutionally, depriving plaintiff of liberty without due process of law, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### EIGHTH CLAIM

### (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

61. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

62. The individual defendants are liable to plaintiff for malicious prosecution because prior to any grand jury action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

63. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

64. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

65. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

### NINTH CLAIM

### (MALICIOUS PROSECUTION CLAIM UNDER STATE LAW)

66. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67. The individual defendants are liable to plaintiff for malicious prosecution because, pursuant to a conspiracy and acting with malice, the defendants initiated a malicious prosecution(s) against plaintiff by knowingly, intentionally, and maliciously providing false statements (including signed complaints and police reports) to prosecutors and/or the court(s), which alleged plaintiff had committed various crimes.

68. The individual defendants lacked probable cause to believe the above-stated malicious prosecution(s) could succeed.

69. The individual defendants acted to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution(s).

## TENTH CLAIM

### (MONELL CLAIM)

70. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

71. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

72. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional

practices, customs and policies against plaintiffs: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) wrongfully arresting individuals based on pretexts; (3) using unreasonable force on individuals; and (4) fabricating evidence against innocent persons.

73. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

74. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

75. Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

76. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

78. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## ELEVENTH CLAIM

### (RESPONDEAT SUPERIOR)

79. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

80. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above-described malicious prosecution of plaintiff.

81. The City of New York is therefore vicariously liable under New York State law for the aforesaid tort.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
            October 29, 2014

            MICHAEL O. HUESTON, ESQ.
            *Attorney for Plaintiff*
            16 Court Street, Ste. 3301
            Brooklyn, New York 11241
            (718) 246-2900
            mhueston@nyc.rr.com
            By:

            __s/_____
            MICHAEL O. HUESTON

            ROBINSON IGLESIAS, ESQ.
            *Attorney for Plaintiff*
            16 Court Street, Suite 3301
            Brooklyn, New York 11241